UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID EDWARD WRIGGLE JR., <br><br> Plaintiff, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC, et al., <br><br> Defendants. | Case No. 2:12-cv-01793-MMD-GWF <br><br> ORDER <br><br> (Defendants' Motions to Dismiss – dkt. nos. 5 and 9) |

**I.   SUMMARY**

Before the Court are Defendants' Motions to Dismiss.  (Dkt. nos. 5 and 9.)  For the reasons set forth below, Defendants' Motions are granted.

**II.   BACKGROUND**

This matter was brought *pro se* by Plaintiff David Edward Wriggle, Jr. concerning his home located at 1508 Glensora Drive, North Las Vegas, Nevada 89031 ("the Property").  Plaintiff does not allege that he is in default of his loan obligations, but that he "struggles to make his mortgage payment." (Compl., dkt. no. 1-1 at ¶ 21.) He alleges that, as a result, he entered into a tentative loan modification agreement with his lender. (*Id.* at ¶ 23.)  Nevertheless, on September 11, 2012, Plaintiff brought this action in state court alleging four causes of action against Defendants Ocwen Loan Servicing, LLC ("Ocwen"), ReconTrust Company, N.A ("ReconTrust"), and Bank of America, N.A. ("Bank of America"): statutory defective foreclosure under NRS § 107.080, common law

wrongful foreclosure, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. (*See* Compl.)

Bank of America and ReconTrust timely removed the action to this Court. (*See* dkt. no. 1.) They then moved to dismiss Plaintiff's Complaint, arguing that Plaintiff fails to state claims against them because he was not in default at the time of the Complaint's filing and no notice of default was recorded or served on him. (*See* dkt. no. 5.) For the same reasons, Ocwen also moved to dismiss the Plaintiff's claims. (*See* dkt. no. 9.) To date, Plaintiff has failed to respond to the Motions.

### III.   LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is

liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged– but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

**IV.   DISCUSSION**

A review of Defendants' Motions appears to support dismissal of Plaintiff's claims. Plaintiff does not allege that the Property is currently in foreclosure. According to Defendants, no Notice of Default has been served or recorded evidencing the beginning of foreclosure proceedings. As a result, Plaintiff does not appear to have standing to bring causes of action that relate to the foreclosure of his home. Although Plaintiff alleges that he has been forced to incur costs in seeking modification of his loan obligations, he does not state any plausible claims for relief.

Second, Plaintiff has failed to respond to the Motions. Local Rule 7-2(d) provides that failure of a non-moving party to file an opposition to a motion constitutes consent to the motion's granting. Plaintiff's failure to oppose Defendants' Motions therefore independently warrants their granting.

**V.   CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss (dkt. nos. 5 and 9) are GRANTED with prejudice.

DATED THIS 8th day of May 2013.

```
                                    _____
                                    MIRANDA M. DU
                                    UNITED STATES DISTRICT JUDGE
```